

# UNITED STATES COURT OF APPEALS
# FOR THE FOURTH CIRCUIT

In re: TAVON DAMEON DAVIS        ]

      PETITIONER        ]        Case: No. 21-1084

              ]

              ]        **PETITION FOR RE-HEARING EN BANC**

              ]

              ]

NOW RETURNS petitioner, TAVON DAMEON DAVIS (hereinafter "petitioner" or "Davis"), filing in propria persona, respectfully requesting a re-hearing en banc following this appellate court's Order in Judgment dated May 3, 2021. (ECF # 10-1).

Pursuant to Local Rule 40(a), ". . .a petition for panel re-hearing may be filed within 14 days after entry of judgment. . ." This petition is compliant.

**STATEMENT ATTENTIVE TO ABSOLUTE REQUISITE FOR EN BANC RE-HEARING**

In its judicial directive, a panel of three circuit judges (Before Keenan, Wynn and Floyd), denied petitioner's "Extraordinary Writ of Error", not on the merits, but on procedure, asserting this "writ of coram nobis", under the "All Writs Act", due to the Act's residual nature, could not be adopted by Davis in this appeal.

PAGE 2

The panel asserted, the "particular issue at hand" could be introduced with "another available remedy", referring in specificity to a 28 U.S.C. {} 2255. Deferentially, petitioner cannot comply, and dutifully insists for an en banc re-hearing, with sound reasoning to follow.

To be clear, this appeal involves a singular question of exceptional importance, a subject of inquiry not easy to isolate, under the circumstance.

First, Davis is not confirming the filing of a fidelis "writ of coram nobis", which is well defined as the instrument a prisoner, once out of custody, can avail to invalidate his conviction, by way of a wrongful determinant.

This critical authoritative estimate is central to given fact, actual innocence should never be denied on a procedural infraction, and that authoritative opinion must apply to all "extraordinary writs." The case in support is, "United States v Morgan, 346 U.S. 502, 511, 74 S. Ct. 247, 252, 98 L. Ed 248 – 1954".

De facto, with a "writ of coram nobis" a sentence has to be completely served for this remedy to be applicable. (Flippins v United States, 747 F. 2d 1089, 1091 – 6th Cir – 1984).

Conversely, Davis presents to this higher court, with added purpose deductible by the prodigious merits for judgment, not a "writ of coram nobis", by legal rendering.

In contrast he exposes to view a "writ of extraordinary error". This "writ" according to routine, is no different than when an appellate court sends a "writ of error" to a trial court for added review, based on error of fact.

Davis appears before this court of law with a momentous judicial error of fact, supported by newly-discovered evidence that proves beyond any reasonable doubt he is actually innocent of the alleged crime for which he was convicted and sentenced to 35 years in prison.

PAGE 3

Regrettably, he was criminated falsely by government officials. An effortless undertaking when you are a legally naïve 25 year-old "black" man.

Not to burden this court with added redundancy, petitioner directs it to the 36-page "writ of extraordinary error", particularly, when the three panel judge noted with emphasis, "We dispense with oral argument because the facts and legal contentions are adequately presented." It is "those facts and legal contentions" that substantiate petitioner's persistence in argument.

The purpose of a "writ of coram nobis" is well defined and comprehensible; conversely, the semantics of a "writ of error" have a completely dissimilar entitled result. One might better refer to it as an "assignment of error". (i.e., "an alleged error in which appellant relies in seeking an appellate court's reversal, vacation or modification of an adverse judgment") (Black's Law Dic. Deluxe 11th Ed. At 149).

A "writ of coram nobis" can only be granted to vacate a conviction after a sentence has been served. It is not available to a petitioner in federal custody. (See United States v Mandel, 862 F.2d 1067, 1076 – 4th Cir – 1988). Davis was fully aware of this matter of cognition.

And while the panel denied his petition, Davis maintains it never considered the critical merits in presentment within that writ. Had it done that, it would be objectionable to suggest he file a Section 2255. The panel's instant reaction was the filing of a Section 2255, because Davis never filed one, because he never filed a Direct Appeal, because he did little to nothing in the appeal process being convinced by his counsel of record, he waived all those rights, and was going to spend the next 35 years in federal detention.

With newly discovered evidence, however, now before this appellate court, the actions of petitioner's court appointed counsel of record become highly suspect.

Besides, the statute of limitations in filing the inappropriate Section 2255 has expired.

Notwithstanding, It would be a wasteful expenditure to file a Section 2255, because it would be filed with the sentencing court, where deductible by the merits particularized in the writ, it could never be properly adjudicated.

Rule 60(b), Fed.R.Civ.P. states with certitude, " a court may relieve a party...from final judgment...for the following reasons...newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)." Such persists as the case in point herewith.

In its denial, the panel made an interesting case reference, "United States v Swaby". Respectfully, this case ascription is a mere perversion. In reflection, Swaby filed his writ alleging he received ineffective assistance of counsel. This court denied it indicating "ineffective assistance of counsel" is a "particular issue at hand" to be directed with a Section 2255 filing. While Davis concurs, such is not the illustrative case in the instant action.

After denial, Swaby immediately filed his section 2255 as instructed, alleging the same constitutional violation, only to have the district court deny it, because he was now out of custody and could not proceed with habeas relief in this manner. Swaby found himself drowning in a quagmire of procedural legal melange.

In continuance of the panel's high regard for the "Swaby" decision, petitioner conveys Swaby was attempting to file a "writ of coram nobis" to address an allegation of ineffective assistance of counsel, which clearly is a Section 2255 elementum.

This develops the leading question in the case at bar. Multiplicity and indistinctness produce confusion, and the more simple the questions, the more lucid they are.

PAGE 5

The question persists, can a district court dare be trusted to invalidate local prosecutorial misconduct committed, not only singularly by a prosecutor, in this instance, John Francis Purcell, Jr. but more importantly with the supervision and active participation of the United States Attorney for the state of Maryland?

Let that improbability be extended as follows. With Purcell, a mere puppet in the foul play, how can this appellate court or this petitioner expect justice to be served if a district court holds jurisdiction to decide the fate, not only of Purcell, but a U.S. Attorney for the District of Maryland, who by his practice of law, advanced to become Deputy Attorney General of the United States, known by name as Rod. J. Rosenstein?

What did the now infamous Mr. Rosenstein accomplish in the case at bar? He personally decided the fate of a 25 year-old "black" man, assuring him 35 years in prison to protect the real guilty party, a licensed Maryland attorney, by name, Larry J. Feldman.

This factual data is well documented in the writ now before this tribunal in denial, by a panel of three circuit judges, who have employed procedural default to suppress actual innocence, under very atypical circumstances.

Should an en banc hearing be denied, and his legal due process become clouded, Davis will take this matter to the "media", as legal avenues seem to be prohibitive to "black men".

Contraire, should this court prefer to recharacterize this "assignment of error", by way of scheduling a Brief for review de novo, petitioner will fully cooperate as directed.

In closer observation, the three-panel judge either scanned the merits within the writ, and quickly decided to ignore them, directing its attention to procedural

default, a far too often excuse employed by courts, as a line of least resistance for unsavory topics, the practice of "avoidance".

Lucidly, it is far more than a fundamental error when a local prosecutor led on a leash by the eventual Deputy Attorney General of the United States is collaborative to protect a licensed Maryland attorney to the extent of sacrificing a 25 year-old "black" man, sending him to 35 years of custodial detention.

Regrettably, this case reeks with racial overtones, but more importantly instigated by a high-level minister of justice, whose "closet door when opened might reveal similar activity" throughout his career, further drawing attention to racial implications by the Department of Justice that seems to be out of control. Pick-up any daily newspaper and we soon discover why.

In closing, with full due deference to all aspects of this country's judicature, Davis only seeks justice. He was wrongfully convicted, wrongfully sentenced, and all because of blatant misconduct by a prosecutor named Purcell and the former Deputy General of the United States, Rod A. Rosenstein.

Let the course of conduct to follow by this higher court, set the record straight once and for all. There is only one justice system in this country, and those who breach its laws, regardless of prominence or stature, must and will be held accountable.

PAGE 7

Hopefully this appellate court will accept its responsible position in this matter and allow Davis his en banc rehearing, so all the judges in this circuit can be heard and their opinions documented in this highly sensitive matter for justice.

RESPECTFULLY submitted on this __17th__ day of __May__ 2021, by

MR. TAVON DAMEON DAVIS

#54006-037

FCI McKean

P.O. Box 8000

Bradford, PA 16701

## CERTIFICATE OF CONCURRENCE

THIS IS TO CERTIFY that I have this day served the following participants in the case at bar with a true and correct copy of the foregoing document depositing a copy in the United States mail in a properly addressed envelope with adequate postage affixed thereto to ensure delivery.

| | |
|---|---|
| Court Clerk | John F. Purcell, Jr., Esq. |
| U.S. Court of Appeals | Office of U.S. Attorney |
| For the Fourth Circuit | 36 S. Charles Street (Fourth Flr) |
| Lewis F. Powell, Jr. Courthouse & Annex | Baltimore, MD 21201 |
| 1100 E. Main Street (#501) | |
| Richmond, VA 23219 | Honorable Marvin J. Garbis |
| | U.S. District Judge |
| | U.S. District Court |
| | District of Maryland |
| | 101 W. Lombard Street |
| | Baltimore, MD 21201 |

_____ (Inmate Signature)

MR. TAVON DAMEON DAVIS (#54006-037)

FCI McKEAN

P.O. Box 8000

Bradford, PA 16701

Dated this ___17___ day of __MAY__ 2021 TD

Document Title(s) Enclosed:   PETITION FOR RE-HEARING EN BANC

**Return address:**
Tavon Davis 54066037
Federal Correctional Institution McKean
P.O. Box 8000
Bradford PA 16701

**Mailing notice:**
The enclosed letter was processed through special mailing procedures for forwarding to you. The letter has neither been opened nor inspected. If the writer raises a question or problem over which this facility has jurisdiction, you may wish to return the material for further information or clarification. If the writer encloses correspondence for forwarding to another addressee, please return the enclosure to the above address.
DATE 5-8-21
FEDERAL CORRECTIONAL INSTITUTION, MCKEAN
P.O. BOX 5000, BRADFORD, PA 16701

**Recipient address:**
U.S. Court Of Appeals
For The Fourth Circuit
Lewis F. Powell Jr. Courthouse & Annex
1100 E. Main St # 501
Richmond VA 23219

INSPECTED
MAY 24 2021



CERTIFIED 7018 0680 0001

Purple Heart Forever USA stamps